IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES LEWIS, | ) | No. CV-F-08-1062 OWW/GSA |
| | ) | No. CV-F-09-304 LJO/SMS |
| | ) | |
| | ) | MEMORANDUM DECISION GRANTING |
| Plaintiff, | ) | IN PART PLAINTIFF'S MOTION |
| | ) | TO CONSOLIDATE ACTIONS |
| vs. | ) | (Docs. 29 & 22) |
| | ) | |
| | ) | |
| CITY OF FRESNO, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff moves to consolidate the *Miller, et al. v. City of Fresno, et al.*, No. CV-F-09-304 LJO/SMS with this action pursuant to Rule 42(a), Federal Rules of Civil Procedure.

The motion to consolidate is opposed by Defendants.

**A.  Governing Standards.**

Rule 42 provides:

> (a) Consolidation.  If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;

1

>    (2) consolidate the actions; or
>
>    (3) issue any other orders to avoid unnecessary cost or delay.
>
>    (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Once a common question has been established, "consolidation is within the broad discretion of the district court." *Paxonet Communs., Inc. v. Transwitch Corp.*, 303 F.Supp.2d 1027, 1028-1029 (N.D.Cal.2003). But "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *See In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 447 (D.N.J.1998). To determine whether to consolidate, the interest of judicial convenience is weighed against the potential for delay, confusion, and prejudice caused by consolidation. *Id.* Factors such as differing trial dates or stages of discovery usually weigh against consolidation. 9 Wright & Miller, Federal Practice and Procedure § 2383 (2006). As explained in *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2nd Cir.), *cert. denied*, 498 U.S. 920 (1990):

>    Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial ... When exercising its discretion, the court must consider:
>
>    [W]hether the specific risks of prejudice and possible confusion [are] overcome by the risk of inconsistent adjudications of

>common factual and legal issues,
>the burden on parties, witnesses,
>and available judicial resources
>posed by multiple lawsuits, the
>length of time required to conclude
>multiple suits as against a single
>one, and the relative expense of
>all concerned of the single-trial,
>multiple-trial alternatives.
>
>... When considering consolidation, a court
>should also note that the risks of prejudice
>and confusion may be reduced by the use of
>cautionary instructions to the jury and
>verdict sheets outlining the claims of each
>plaintiff.

The moving party bears the burden of showing consolidation is appropriate. *In re Consol. Parlodel Litig.*, 182 F.R.D. at 447.

    B.  <u>Merits of Motion</u>.

    Plaintiffs assert that all of them have alleged, "in one way or another," a hostile work environment in that each has been subjected to and heard insensitive remarks, stereotypical comments and disparate treatment on the basis of race and/or color, that Defendant Dyer was aware of the racial motivations of the individual defendants and the resulting disparate impact upon Plaintiffs, but failed and refused to correct such conduct, thereby ratifying it:

>The thread that runs throughout the claims of
>the four Plaintiffs is that of racial
>discrimination and retaliation.  This is true
>not only of the legal theories pled but the
>factual contentions.  Each Plaintiff has put
>forth facts evincing circumstances in which
>he personally was involved and a victim of
>such discrimination.  Additionally, each
>Plaintiff is contending that the practices of
>the Police Department under the reign of
>Chief Dyer and the work place environment is
>racially hostile to African Americans.

>Further, it has been alleged that under Chief Dyer, opportunities for hiring, training, retention and promotion for African Americans are less advantageous and that disciplinary actions are likewise more onerous or likely to result in discipline or more severe discipline than other similarly situated officers who are not African-American.

Defendants argue that Plaintiff has not demonstrated a common question of law or fact.  Although conceding that all of the Plaintiffs allege racial discrimination in employment, Plaintiff Lewis's claim of discrimination is also based on his sex, marital status and union activity.  Defendants further contend that none of the individual claims have any factual overlap and that not all Defendants are sued in connection with each of the claims (other than Defendant Dyer).  To the contrary, all claims concern the alleged racial discrimination, hostile work environment, and adverse employment actions taken against all Plaintiffs, who are African-American police officers.

Defendants cite *Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir.1997), a case involving joinder under Rule 20, Federal Rules of Civil Procedure, in which an action was brought for a writ of mandamus to compel INS officials to adjudicate 49 pending petitions or applications.  In affirming the District Court's conclusion that the plaintiffs failed to meet the requirements for joinder, the Ninth Circuit stated in pertinent part:

>[A]lthough Plaintiffs' claims are all brought under the Constitution and the Administrative Procedure Act, the mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact.  Clearly,

4

> each Plaintiff's claim is discrete, and involves different legal issues, standards, and procedures. Indeed, even if Plaintiffs' claims were not severed, the Court would still have to give each claim individualized attention. Therefore, the claims do not involve common questions of law or fact.

130 F.3d at 1351.

Defendants further argue that, even if Plaintiffs establish a common question of law or fact, consolidation should be denied. Defendants concede that consolidation does not create a risk of delaying the trial because both actions are at a similar procedural stage, i.e., no scheduling conference has taken place in either case. However, Defendants argue, the risk of prejudice to Defendants and confusion of the jury weigh against consolidation:

> The joining together of disparate claims of discrimination in the <u>Lewis</u> case with the claims of racial discrimination in the <u>Miller</u> Action will require the City to defend four factually distinct claims together before the same jury. In that event, even if one or more of the individual Plaintiffs were unable to meet their burden of proof in support of their individual claims, a jury could be influenced by the mere numerosity of the claims presented at trial. In such circumstances, although the jury would be instructed to examine each claim individually, it would be difficult, if not impossible, to separate each claim from Plaintiffs' repetitive exhortations that the City and individual defendants practice and/or condone racial discrimination. In a similar sense, a finding of liability in one case could be unfairly extrapolated into adverse findings in all cases. Such a result would be extremely prejudicial to the City, as well as to the seventeen ... individually named Defendants, each of whom face personal exposure and punitive damages.

Defendants argue that denial of consolidation will not expose the parties in the two actions to inconsistent adjudications:

> Each of the four ... cases is fact specific, and will succeed or fail upon the strengths or weakness of the divergent facts presented in each specific case.

Defendants further argue that the burden on the parties, witnesses and available judicial resources weigh against consolidation:

> At best, Plaintiffs' diverse claims present a common allegation of racial discrimination. However, the claims arise in completely distinct factual situations, involve uniquely different groups of alleged conspirators, and completely different percipient witnesses. With the exception of Chief Dyer, the only overlap between the sixteen ... remaining individual defendants involve the naming of Deputy Chief Robert Nevarez and Captain Greg Garner in two ... of the four claims.

Defendants contend that consolidation will involve the seventeen individual defendants to attend a protracted trial involving four separate claims in which the majority of defendants play only a small role in a single claim. Any suggestion that each individual defendant need not attend the entire trial is, Defendants contend, "untenable in a case which asserts that the individual defendants engaged in morally reprehensible conduct and which seeks to impose punitive damages against the individual." Defendants argue that, except for the time saved in picking a jury, consolidation of the two actions will not enhance court efficiency and will substantially complicate and expand the trial.

**Plaintiff's motion to consolidate is GRANTED IN PART. The actions involve essentially common questions of law and, to some extent, common questions of fact regarding operation and command of the Fresno Police Department, its policies and practices, and how African-American officers are treated in the workforce. Judicial economy and conservation of the parties' resources weigh heavily in favor of consolidation for purposes of discovery in both cases, for case management, and non-dispositive and dispositive motions. No prejudice to Defendants results from this partial consolidation. Any privacy concerns relative to internal affairs investigations of individual parties may be addressed by appropriate protective orders. A decision whether and/or to what extent these cases will be consolidated for trial is deferred. All parties to these consolidated actions shall appear at the Scheduling Conference set for September 4, 2009 at 8:15 a.m. in Courtroom 3.**

**These cases are ordered partially consolidated for the purposes described above, including dispositive motions. At that juncture the parties and the Court will be able to ascertain and evaluate the merits of advantages and disadvantages of discovery.**

IT IS SO ORDERED.

Dated:   July 6, 2009                              /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE